[Crim. No. 8720. First Dist., Div. Three. Nov. 18, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL GILMORE LEGARD, JR., Defendant and Appellant.

**COUNSEL**

Barbara Clark for Defendant and Appellant.

Paul N. Halvonik and Demetrios P. Agretelis as Amici Curiae on behalf of Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Derald E. Granberg and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (H. C.), J.**—Appellant entered guilty pleas to violation of Health and Safety Code sections 11530 and 11555 (possession of marijuana and possession of narcotic paraphernalia).

Appellant contends that the evidence which caused him to plead guilty was obtained by the police in a search of his residence, which was conducted under the authority of a search warrant issued contrary to law.

The Napa Police Department obtained the questioned search warrant upon the following affidavit signed by Police Sergeant Robert Jarecki: "1. That I, ROBERT JARECKI, am a Sergeant in the Napa City Police Department;

"2. That I have been informed by MARK DAVID HEALER, aged sixteen (16) who resides at 3786 Dover Street, Napa, California, that, while he was babysitting for one, GRACE HAMMOND, at her residence located at 2217 Berks Street, Napa, California, that he observed a cellophane bag which appeared to contain Marijuana seeds and six or eight match boxes containing green vegetable matter and three or four bottles of clear liquid and other items. That MARK DAVID HEALER brought to the undersigned a paper bag containing one Gold Seal hypodermic syringe and three (3) needles, some green condensed vegetable matter in tin foil, which was identified as Hashish, two (2) cellophane bags containing Marijuana seeds, a white zig-zag paper. MARK DAVID HEALER further stated that he obtained these items from the above mentioned home while he was babysitting.

"3. That MARK DAVID HEALER is a private citizen, age sixteen (16), who resides at 3786 Dover Street, Napa, California."

The Napa Police Department, under authority of the warrant issued pursuant to Sergeant Jarecki's affidavit, entered and searched appellant's premises. They discovered the marijuana and narcotic paraphernalia which was to be introduced as evidence in the event appellant persisted in a not guilty plea.

■ The issue presented on this appeal is whether the affidavit is constitutionally defective because it lacks any statement of circumstances from which the magistrate could conclude that the informant was reliable.

■ Both the United States Constitution (U. S. Const., 4th Amend.) and the California Constitution (Cal. Const., art I, § 19), in order to protect the privacy of citizens from unreasonable intrusion by the government, require a search warrant for all searches in the absence of a recognized exception. (*Aguilar* v. *Texas*, 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509].)

■ Search warrants may issue from the court only upon an affidavit containing a statement that competent evidence of probable cause exists. Although an affidavit in support of a search warrant will be construed in a "commonsense" manner *(United States* v. *Ventresca,* 380 U.S. 102, 109 [13 L.Ed.2d 684, 689, 85 S.Ct. 741]), the courts will not supply, under the guise of interpretation, factual material on the basis of which the magistrate can distinguish between cause and "capricious accusation." *(People* v. *Scoma,* 71 Cal.2d 332, 340 [78 Cal.Rptr. 491, 455 P.2d 419].)

■ A search warrant issued without probable cause is constitutionally defective when the affidavit upon which it is based does not contain competent evidence sufficient to support the finding of the magistrate. *(People* v. *Stout,* 66 Cal.2d 184, 193 [57 Cal.Rptr. 152, 424 P.2d 704]; *People* v. *Scoma, supra,* 71 Cal.2d 332, 336.)

■ The basic criteria for determining the constitutional sufficiency of an affidavit supporting a search warrant were set forth by the United States Supreme Court in *Aguilar* v. *Texas, supra,* 378 U.S. 108. The affidavit must contain both the underlying circumstances from which the informant concluded that a crime had been committed and some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable. *(Aguilar* v. *Texas, supra,* at p. 114 [12 L.Ed.2d at p. 728].) These criteria have become known as *"Aguilar's* two-pronged test" and continue to be used by the California Supreme Court in judging the sufficiency of affidavits supporting search warrants. *(Spinelli* v. *United States,* 393 U.S. 410, 413 [21 L.Ed.2d 637, 641, 89 S.Ct. 584]; *People* v. *Scoma, supra,* 71 Cal.2d 332, 337; *People* v. *Hamilton,* 71 Cal.2d 176 [77 Cal.Rptr. 785, 454 P.2d 681].) In order to reconcile the second prong of the *Aguilar* test with respondent's argument that the citizen-informer rule applies to search warrants, this court would have to accept a bare allegation of citizenship as a sufficient circumstance from which the magistrate could conclude that the informant was reliable.

In *People* v. *Scoma, supra,* the informant was a minor who had been furnished narcotics by the person he informed upon. The father of the informant had found narcotics in the boy's possession and had reported him to the sheriff's office. The court held the affidavit insufficient because there were no facts showing reliability and no independent corroboration. In a footnote, the court commented upon its refusal to apply the citizen-informer rule, and stated: "7. The rationale of the so-called 'citizen informer' cases [citations] has no application here, where the informant was apparently himself involved in narcotics traffic. [Citations.] Moreover, we reject as wholly without foundation in law the suggestion that the information given by the

juvenile was somehow clothed with reliability because the informant was a minor. . . ." (*People* v. *Scoma, supra,* 71 Cal.2d 332, 338, fn. 7.)

We do not infer from this footnote, as respondent argues we should, that a mere allegation of *citizenship* on the affidavit is sufficient. ▮ We hold that it is not adequate to support a finding of reliability for two reasons: First, "citizen" and "informer" are not mutually exclusive terms. The requirements of *Aguilar* apply to both terms. If, as in this case, the citizen has previously furnished information to the police, this fact should be revealed to the magistrate so that its bearing on the citizen's reliability may be considered. Second, all citizens are obviously not reliable as informers. Any facts which bear on the reliability of the citizen who has furnished the information should also be revealed in the affidavit. In this case, there were facts known to the affiant which were not included in the affidavit. The affiant knew, for instance, that, because Mark Healer had previously contacted the police, a file on him was in existence. Reference to this file would have shown the affiant several facts which could have been revealed to the magistrate for his consideration. Only by consideration of facts relevant to reliability, can the magistrate make the independent determination of reliability required by the rule of *Aguilar.*

Finally, equally otiose is the argument of respondent that the magistrate was justified in issuing the warrant because the informer delivered to the police a hypodermic syringe, hashish, needles and marijuana seeds which he said he obtained while acting as a baby sitter in appellant's residence. Such statement must be substantiated by facts from which the court could independently conclude that the informant was reliable. Also in *People* v. *Scoma, supra,* the court said: "The foregoing facts provide absolutely no basis upon which the magistrate could reasonably conclude that the informant's report of illegal activity *on the part of 'Dewey'* was reliable information. Surely the fact that the informant was found to possess narcotics gives no credence to his assertion that he obtained such narcotics from a named person; he obviously obtained them from someone, but mere possession cannot constitute support for his claim that he obtained them from one person rather than another. . . ." (P. 339.)

We have concluded that the affidavit does not contain sufficient factual matter from which the magistrate could independently determine that the informant's report of illegal activity on the part of appellant was reliable. The affidavit failed to conform to constitutional requirements, and, therefore, the evidence obtained in the search authorized by the search warrant

issued pursuant to that affidavit was in violation of appellant's constitutional right to be secure against unreasonable search of his home.

The judgment is reversed.

Draper, P. J., and Caldecott, J., concurred.

A petition for a rehearing was denied December 18, 1970, and respondent's petition for a hearing by the Supreme Court was denied January 14, 1971. McComb, J., Mosk, J., and Burke, J., were of the opinion that the petition should be granted.