[Crim. No. 30292. Second Dist., Div. One. Dec. 7, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
DONZELLA NEUSOM, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, and Donald J. Kaplan, Deputy District Attorney, for Plaintiff and Appellant.

Larry Fidler, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Defendant was charged with possession of heroin. Her motion to suppress the evidence pursuant to section 1538.5 Penal Code was granted. The People appeal from order granting the motion and dismissing the case. The facts before the trial court were those contained in the search warrant and affidavit in support thereof, and testimony of Officer Brown taken at the hearing. ■ The issue relates to an intentional omission in the affidavit to a search warrant made by the police officer.

The affidavit establishes that during the week ending May 22, Officer Brown, an experienced narcotic officer, had a conversation with "a

confidential reliable informant" who had supplied him with information on five prior occasions, leading to the recovery of a large quantity of heroin and the arrest of nine persons who are presently being prosecuted in the municipal and superior courts; he told Officer Brown that Calvin Jackson, describing him, was selling heroin from his home at a specified address at a specified telephone number, and that he had purchased heroin from Jackson on several occasions at that address. During the week ending May 22 Calvin Jackson had occasion, in connection with a prior arrest, to give to Officer Brown his telephone number which was the same as that given by the informant, and which he checked and found to be listed to Jackson's address, the same as that given by the informant. During the week ending May 22, Officer Brown took the informant to the vicinity of Jackson's house, gave him a quantity of money and watched him walk to the residence, enter, stay, leave the apartment five minutes later and walk directly back to him at which time he handed the officer a toy balloon containing heroin. Based on the foregoing, Officer Brown concluded that the informant is a heroin user and that heroin was being sold from the residence.

Officer Brown was called as a defense witness and testified that before the informant went into Jackson's residence he did not conduct a skin search of him; asked the reason, he answered "The only reason was that the informant had established his reliability to me prior to that time," he felt the informant was reliable so he did not conduct a skin search "and the personal knowledge I had of the person I was attempting to make the buy from indicated he was a dealer." The affidavit shows that on a prior occasion, Officer Brown arrested Calvin Jackson for possession for sale of heroin (§ 11350, Health & Saf. Code). Asked if it was not standard procedure when using an informant to conduct a skin search before a buy is made, the officer answered "It depends on the circumstances and the informant" and that he believes "It is important on certain occasions when you have no other facts on which to base your probable cause in your affidavit for the warrant." Officer Brown wrote up the affidavit and then submitted it to a deputy district attorney for approval; there was "no reason" he did not include in the affidavit the fact that there was no skin search of the informant and that "It was an action that wasn't taken so I didn't include it in the warrant. Had I taken that action, I would have included it in the affidavit."

On cross-examination the officer testified that the informant had been used by him personally on five occasions that had resulted in the arrest of

nine persons and recovery of a large quantity of heroin and on each occasion an arrest resulted, search of the residence was made and a quantity of heroin found therein; on five occasions he conducted the search and recovered the narcotics.

The defense argued that because of the omission in the affidavit the magistrate was precluded from fully reviewing all of the facts and had he been able to review them the outcome would have been totally different. The trial court found the omission to be intentional and that the omitted fact that there had been no skin search should have been before the magistrate but it did not know what effect this would have had on the magistrate's determination.

When charged with a crime based upon evidence acquired through the execution of a search warrant, an accused on a section 1538.5 motion may go behind the face of the supporting affidavit to prove that there was no probable cause to issue the warrant. Probable cause, not certainty, is the basic test employed in the warrant issuing process. Therefore, an accused may show that the affidavit contains factual misstatements or material factual omissions which could have had an adverse effect upon the normal inference-drawing process of the magistrate in determining whether probable cause exists. (*Theodor* v. *Superior Court*, 8 Cal.3d 77, 96 [104 Cal.Rptr. 226, 501 P.2d 234]; *Morris* v. *Superior Court*, 57 Cal.App.3d 521, 525-526 [129 Cal.Rptr. 238]; *People* v. *Barger*, 40 Cal.App.3d 662, 668-669 [115 Cal.Rptr. 298].)

In discussing the inclusion of erroneous material, the Supreme Court in *Theodor* held that if the factual misstatements are not intentional and are the result of reasonable conduct, they are retained and probable cause is tested by the face of the affidavit, but if the factual misstatements though not intentional are the result of negligent conduct, they must be excised and probable cause tested from the remaining information (pp. 95-101). *Theodor* dealt with inaccurate included information; *People* v. *Barger*, 40 Cal.App.3d 662 [115 Cal.Rptr. 298] extended the *Theodor* rule to excluded information—material factual omissions. Thus, if material factual omissions were not intentional or unreasonable under the circumstances, the omitted facts are disregarded and the existence of probable cause is determined from the face of the affidavit; if the failure to include material information is negligent, the omitted facts are added to the affidavit and probable cause tested in light of the additional information. (*People* v. *Barger*, 40 Cal.App.3d 662, 668-669.) However, when information is intentionally omitted and it is

material, the search warrant must be quashed without regard to the effect of the omissions on probable cause. (*Morris* v. *Superior Court,* 57 Cal.App.3d 521, 527-528 [129 Cal.Rptr. 238].)

██ Relying on *Morris* v. *Superior Court,* 57 Cal.App.3d 521, respondent defends the order on the ground that the omission of the fact that the informant was not skin searched made the affidavit defective because it was an intentional and unreasonable omission of a material fact by Officer Brown. In *Morris* the informant was untested, the information deliberately omitted from the affidavit and thereby concealed from the magistrate went to the very heart of the issue of reliability of the informant, the omitted information was material, the prosecution presented no evidence explaining why the pertinent and factual information was omitted and the court had no alternative but to order the suppression of the evidence (pp. 527-528).

Officer Brown's failure to mention in the affidavit that the informant was not skin searched before making the buy in the Jackson residence was not a deliberate attempt to mislead the magistrate; he testified he did not relate the fact because the informant had long before established his reliability in prior dealings with him and he had no reason to include in the affidavit something he did not do, a fact that did not exist which had no bearing on his opinion that the informant was reliable. Nonetheless the omission was intentional; the trial court so found and the finding was proper.

However, the record before us compels the conclusion that the fact omitted—that the informant was not skin searched—was not a material one. *Morris* v. *Superior Court,* 57 Cal.App.3d 521 holds at page 527 [129 Cal.Rptr. 238]: "It is uncontestable that an officer who is seeking a search warrant has a duty to disclose to the magistrate all material facts relevant to the issue of probable cause. (*People* v. *Barger, supra,* 40 Cal.App.3d 662, 668; *People* v. *Legard* (1970) 12 Cal.App.3d 1006, 1010 [91 Cal.Rptr. 257].)" and the requirement of materiality is even more significantly pointed up in the court's statement at page 528 that "This is not a case where an officer who prepared an affidavit in support of a search warrant intentionally omitted a few immaterial facts which he reasonably believed, in good faith, were irrelevant or inconsequential."

While implicit in the order granting the motion is the finding that the omitted fact was material, we are convinced from the trial court's

statement in granting the motion[1] that it did not apply the proper test. The test of materiality used in *Morris* is found in the court's statement that ". . . the evidence must be suppressed if the facts intentionally withheld from the affidavit were material and relevant, to the extent that it can be said, fairly, that the magistrate's inference-drawing process was interfered with, substantially." (P. 524.) Reading the affidavit as a whole (*People* v. *McDaniel*, 16 Cal.3d 156, 171 [127 Cal.Rptr. 467, 545 P.2d 843] [cert. den. (1976) 429 U.S. 842 (50 L.Ed.2d 119, 97 S.Ct. 131)], and in a "commonsense manner" (*United States* v. *Ventresca* (1965) 380 U.S. 102, 108-109 [13 L.Ed.2d 684, 688-689, 85 S.Ct. 741]; *People* v. *Ruster*, 16 Cal.3d 690, 720 [129 Cal.Rptr. 153, 548 P.2d 353]), we cannot conclude that the fact omitted by Officer Brown from his affidavit "was material, in the sense that it could have negated the magistrate's finding of probable cause. [Citations.]" (*Morris* v. *Superior Court*, 57 Cal.App.3d 521, 527 [129 Cal.Rptr. 238].) Nor can we find that had the officer disclosed this fact in his affidavit "the magistrate might have determined that the informant was unreliable and his information untrustworthy." (P. 527.)

Long before the informant made the narcotic buy in the Jackson residence, the reliability of the informant had been solidly established and, as stated by Officer Brown, there was no reason to test his reliability by skin searching him. Under the circumstances set up in the affidavit, we fail to perceive that the omitted fact would have, in any significant or consequential manner, directly or indirectly detracted from the reliability of the informant or the information supplied by him. While it is arguable under some circumstances that had the fact that the informant was not skin searched before making the narcotic buy been known to the magistrate, it would have cast some doubt on the validity of Officer Brown's opinion that the informant was reliable, it is highly unlikely here that it would have altered the magistrate's opinion as to the reliability of the informant in light of the strong showing in the affidavit of reliability that had been established through prior dealings with the informant sometime before Officer Brown sent him to the Jackson residence, and the minimal probative value of the omitted fact. The officer's opinion that he was a "reliable informant" was only one more single positive factor set up in the affidavit which solidly established the informant's reliability. ". . . the conventional measuring device for

---

[1] The court said "There was an intentional omission here and the district attorney concurred in it. I am not positive one way or the other what the magistrate would have done. No one can be. But it seems to me elementary even if it's felt he was justified in not conducting a skin search that that should have been in the magistrate's eye when he read the affidavit and it should have been placed in the affidavit."

reliability" is the accuracy of the information supplied by the informant to police in prior dealings. (*People* v. *Richardson,* 6 Cal.App.3d 70, 74 [85 Cal.Rptr. 607]; *People* v. *Dumas,* 9 Cal.3d 871, 876 [109 Cal.Rptr. 304, 512 P.2d 1208].) Further, a declaration by the informant to Officer Brown that he had committed a penal offense (possession of heroin) in that he had "purchased heroin from Calvin Jackson on several occasions at 1066 West 60th Place," carries with it its own indicia of credibility. (*United States* v. *Harris,* 403 U.S. 573, 584-585 [29 L.Ed.2d 723, 734-735, 91 S.Ct. 2075].) Finally the officer through Calvin Jackson himself and through investigation corroborated the telephone number and the address given by the informant.

Thus because the affidavit showed that the informant's reliability was clearly established before the narcotic buy was made, and the omitted fact that he was not skin searched before the buy was inconsequential and at best could have had only an insignificant effect, if any, on the magistrate's determination that the informant was reliable and his information trustworthy, we conclude the omitted fact was not material. (Cf. *People* v. *Webb,* 36 Cal.App.3d 460, 470-471 [111 Cal.Rptr. 524].) The circumstances in the instant case are wholly unlike those in *Morris* in which the informant was untested, and the affiant investigator knew he was totally unreliable, "not only concealed his own distrust of the informant and the information upon which the distrust was grounded but that he deliberately attempted to manufacture reliability through the auspices of a controlled buy and then concealed this important fact as well." (p. 528) and "the failure painted a distorted picture which adversely affected the normal inference-drawing process of the magistrate." (p. 527), and unlike *Morris,* this is a case where an officer who prepared the affidavit in support of the search warrant intentionally omitted an immaterial fact which he reasonably believed in good faith was irrelevant or inconsequential.

Probable cause exists where ". . . the facts contained in the affidavit are such as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain, a strong suspicion of the guilt of the accused." (*People* v. *Stout,* 66 Cal.2d 184, 193 [57 Cal.Rptr. 152, 424 P.2d 704].) ■ In assessing the sufficiency of the affidavit for the issuance of a search warrant, only the probability of and not a prima facie showing of criminal activity need be demonstrated to meet the standard of probable cause. (*Spinelli* v. *United States,* 393 U.S. 410, 419 [21 L.Ed.2d 637, 645, 89 S.Ct. 584]; *People* v. *Johnson,* 21 Cal.App.3d 235, 245-246 [98 Cal.Rptr. 393].) ■ In light of the information contained

in the affidavit there clearly was cause to strongly suspect that narcotics would be found in Calvin Jackson's residence.

The order is reversed.

Thompson, J., and Hanson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 2, 1978.