[No. C034940. Third Dist. Dec. 19, 2000.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBIN MARIE LIM, Defendant and Respondent.

**COUNSEL**

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and John A. O'Sullivan, Deputy Attorneys General for Plaintiff and Appellant.

R. Bruce Finch, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**SIMS, J.**—After the trial court granted defendant Robin Marie Lim's motion to quash a search warrant and suppress evidence, the prosecution announced it was not ready to proceed to trial, and the trial court on its own motion ordered the case dismissed pursuant to Penal Code section 1385.[1] The People appeal, contending reversal is required because the trial court erred in granting defendant's suppression motion.

We shall conclude the trial court erred in ruling that the officer conducting the search could not rely on the warrant in good faith, under *United States v. Leon* (1984) 468 U.S. 897 [104 S.Ct. 3405, 82 L.Ed.2d 677], because the officer had omitted from his affidavit in support of his application for the warrant certain favorable information that tended to support probable cause for issuance of the warrant.

We shall therefore reverse the orders dismissing the case and granting defendant's motion to suppress.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 1999, after police searched defendant's car pursuant to a search warrant, a complaint was filed charging defendant with (1) possession of methamphetamine for sale in violation of Health and Safety Code section 11378; (2) transportation of methamphetamine in violation of Health and Safety Code section 11379; (3) possession of a billy club in violation of Penal Code section 12020, subdivision (a); and (4) possession of a hypodermic needle and syringe in violation of Business and Professions Code section 4140.

In November 1999, defendant filed a motion to quash the search warrant issued on June 19, 1999, authorizing the search of her 1988 Lincoln Continental, and to suppress as evidence all property seized during execution of that warrant. Defendant argued there was no probable cause for issuance of the warrant, in that the affidavit in support of the application for the warrant failed to set forth sufficient factual information from which the magistrate

---

[1]Undesignated statutory references are to the Penal Code.

Section 1385 provides in part: "(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading. . . ."

An appeal may be taken by the People from a section 1385 dismissal based on suppression of evidence. (§ 1238, subd. (a)(7).)

could conclude that there was a fair probability that the contraband and evidence sought would be found in defendant's vehicle.[2]

The affidavit in support of the application for the warrant was prepared by California Highway Patrol Officer Robert Geffre, who attested to 23 years' experience on road patrol and five years as a narcotics agent, including participation in specialized training in narcotics law enforcement. Officer Geffre's statement of probable cause in support of the June 19, 1999, application for the search warrant stated:

"In May of 1998 [more than a year before the application for the search warrant] a confidential informant (informant #1) reported to the Task Force that a Robin Lim was selling methamphetamine in the Susanville area. Informant #1 reported seeing Lim in possession of usable amounts of methamphetamine and he/she was offered some if he/she wanted to buy it. The informant reported that Lim was getting her methamphetamine from a [L]etty Gutierr[]ez who the Task Force had reports on for selling methamphetamine.

"During the third week of June 1999 [over a year after the report from informant #1] I was in contact with a reliable confidential informant (informant #2) who reported that he/she had within the last three days observed Lim in possession of usable amounts of methamphetamine and that he/she was aware of Lim being in the business of selling methamphetamine.

"I have reviewed the criminal history of Lim and discovered that she was arrested in 1991 by Modoc County Sheriff's Office for selling or furnishing marijuana. She was given diversion for the violation.

"Confidential informants #1 and #2 have provided the task force with information in the past regarding illegal drug trafficking which has proven to be true and correct through corroboration by other means. Informant #2 has made controlled buys of illegal substances for the task force in the past, and is familiar with packaging, sales and use of illegal controlled substances.

"6-19-99 at approximately 2100 hours I received information that Lim was heading to the residence of her supplier and may be going to pick[]up

---

[2]Defendant's motion to suppress evidence and quash the warrant asserted that while one California Highway Patrol Officer was obtaining the search warrant, another officer made a traffic stop of defendant in her car for an expired registration and defective tail lamp and detained her until the first officer arrived with the search warrant. In addition to deciding the warrant was invalid, the trial court considered whether there was probable cause for a warrantless search of the vehicle and concluded there was not. On appeal, the People do not challenge the trial court's decision that there was no probable cause for a warrantless search. We therefore need not consider the matter.

more methamphetamine. Because of the late hour and because I have had difficulty in determining the exact residence of Lim, I would request night service on this warrant."

Officer Geffre also attested in support of the warrant application that, based upon his training and experience, he was aware that people who deal in illegal controlled substances often store, conceal and transport illegal controlled substances in their vehicles.

The search warrant was issued and approved for night service on June 19, 1999. Police executed the search warrant on defendant in her Lincoln Continental on Highway 395 in an area between her residence and the drug supplier's residence in Wendel. A search of the car revealed methamphetamine, syringes, pay/owe sheets and other drug paraphernalia.

Defendant's suppression motion argued among other things that the affidavit supporting the application for the search warrant was insufficient because (1) the 13-month-old information from informant #1 was stale, (2) the information from informant #2 provided no basis for believing that contraband could be found in the vehicle at the time the warrant was signed, and (3) the affidavit did not identify the source of the information that defendant was heading to the residence of a drug supplier, the reliability of that source, whether defendant was in her car as opposed to using some other form of transportation, or any reason to conclude there was a fair probability that contraband would be found in her car.

Defendant sought suppression of items seized in the search and any oral testimony about it.

The People opposed the suppression motion, arguing the affidavit was sufficient and, if not, the evidence should nevertheless be admissible because the officers who executed the warrant acted in good faith under *United States v. Leon, supra,* 468 U.S. 897 [104 S.Ct. 3405, 82 L.Ed.2d 677].

At the hearing on the suppression motion, testimony was presented of additional information known to police which was favorable to a probable cause finding but which was not included in the application for the search warrant. Thus, among other things, Officer Geffre testified that before he received the information that defendant was obtaining drugs from Letty Gutierrez, the officer had participated in a case that led to the conviction of Letty Gutierrez on drug charges. The officer testified that informant #1 also stated in May 1998 that defendant often kept methamphetamine in her car, a white Lincoln Continental, which could be found at a certain location. The

officer found the car, ran a license plate check, and learned it was registered to defendant. The trial court also accepted a stipulation that Officer Geffre would testify, if recalled to the stand, that informant #2 told him in the third week of June 1999 that the informant had observed defendant at a residence that was not her own, with methamphetamine, and her car was also present at that location. It was also stipulated that Officer Geffre, if recalled to the stand, would testify he believed there was probable cause for the warrant (for purposes of the *Leon* good faith exception).

Officer Geffre also testified at the suppression hearing that the information that defendant might be en route to her drug supplier's residence came from informant #2 (a point not clear from the affidavit), and what the informant actually said was that he or she had just passed defendant in defendant's car driving on route 395 in Litchfield and maybe defendant was on her way to Wendel to pick up some drugs from her drug supplier (who lived in Wendel). The officer admitted he did not ask the informant why the informant thought defendant might be on her way to pick up drugs; instead, the officer "[j]ust assumed that a car on 395 in Litchfield would be on their [*sic*] way to Wendel."

On January 13, 2000, the trial court (after having found defendant had standing) granted defendant's suppression motion and ordered suppressed all evidence arising from the search of defendant's car. The court found there was no probable cause for a warrantless search, and the warrant was invalid because it was unsupported by any probable cause to establish a fair probability that the place to be searched—defendant's car—contained contraband or evidence of a crime. The assertion that defendant was heading to her drug supplier's residence was speculation. The trial court declined to apply the *Leon* good faith exception, because information favorable to issuance of the warrant was omitted from the application for the search warrant.

On January 24, 2000, the prosecution announced it was not ready to proceed to trial; defense counsel announced the defense was ready for trial. The trial court on its own motion dismissed the case under section 1385 "based on the People's representation that they are not ready to proceed to trial."

The People appeal.

## DISCUSSION

At issue in this appeal is the trial court's granting of defendant's suppression motion, which resulted in dismissal of the case under section 1385.

█ "When reviewing the grant or denial of a motion to suppress, an appellate court must uphold the trial court's express or implied findings of fact if the facts are supported by substantial evidence. However, we use our independent judgment to determine whether those facts establish probable cause. [Citation.] We are prohibited from ordering the suppression of evidence unless federal constitutional standards require us to do so. [Citation.]

"A reviewing court will consider the totality of the circumstances to determine whether the information contained in an affidavit supporting the application for a warrant establishes a fair probability that a place contained contraband or evidence of a crime. [Citation.] Doubtful or marginal cases are to be resolved by the preference to be accorded to warrants. [Citation.]" (*People v. Mikesell* (1996) 46 Cal.App.4th 1711, 1716 [54 Cal.Rptr.2d 708].)

█ The People argue the affidavit in support of the application for the search warrant established probable cause, and therefore the trial court erred in granting defendant's suppression motion on grounds the warrant was invalid. We shall assume for the sake of argument that the warrant affidavit failed to establish probable cause. The People also argue on appeal, as they did in the trial court, that, if the warrant was invalid, the trial court should have ruled the evidence admissible under the good faith exception of *United States v. Leon, supra,* 468 U.S. 897 [104 S.Ct. 3405, 82 L.Ed.2d 677]. We agree.

█ Evidence seized pursuant to a warrant unsupported by probable cause need not necessarily be excluded. The Fourth Amendment exclusionary rule does not bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. (*United States v. Leon, supra,* 468 U.S. at p. 922 [104 S.Ct. at p. 3420, 82 L.Ed.2d at p. 698]; *People v. Camarella* (1991) 54 Cal.3d 592, 602 [286 Cal.Rptr. 780, 818 P.2d 63].) There are four situations in which reliance would not be established and suppression would remain an appropriate remedy: (1) the issuing magistrate was misled by information that the officer knew or should have known was false; (2) the magistrate wholly abandoned his or her judicial role; (3) the affidavit was so lacking in indicia of probable cause that it would be entirely unreasonable for an officer to believe such cause existed; and (4) the warrant was so facially deficient that the executing officer could not reasonably presume it to be valid. (*Leon, supra,* 468 U.S. at p. 923 [104 S.Ct. at pp. 3420-3421, 82 L.Ed.2d at p. 699]; *Camarella, supra,* 54 Cal.3d at p. 596.)

█ Here, only the third scenario is at issue. The question to be addressed is whether a reasonably well-trained officer in the officer's position

would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. (*People v. Camarella, supra,* 54 Cal.3d at pp. 604, 606.) ▮ "[T]he objective reasonableness of an officer's decision to apply for a warrant must be judged based on the affidavit and the evidence of probable cause contained therein and known to the officer, 'and without consideration of the fact that the magistrate accepted the affidavit.' [Citation.]" (*Camarella, supra,* at p. 605; *People v. Hernandez* (1994) 30 Cal.App.4th 919, 925 [35 Cal.Rptr.2d 916].)

If the officer "would not reasonably have known that the affidavit (and any other supporting evidence) failed to establish probable cause, there is no reason to apply the exclusionary rule, because there has been no objectively unreasonable police conduct requiring deterrence. [Citation.]" (*People v. Camarella, supra,* 54 Cal.3d at p. 606.) An officer does not manifest objective good faith in relying on a warrant based on an affidavit " ' "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." ' " (*Id.* at p. 603.) The government has the burden of establishing objectively reasonable reliance. (*Id.* at p. 596.)

▮ Here, the trial court declined to apply the *Leon* good faith exception, stating "the problem I have here is and otherwise, I would reach a different conclusion, but all of the information available to the affiant in preparing the statement of probable cause for the search warrant was not included. And, of course, that is obvious from the standpoint of the argument and the evidence that was introduced here by the People to add to the factual probable cause. And I can't find the Leon standard met in the case where the person who executed the warrants, prepares the affidavit and doesn't put everything in that supports the affidavit."

The People argue the trial court erred in its conclusion that the officer's omission of information tending to support issuance of the warrant from the warrant application rendered the *Leon* good faith exception inapplicable. The People state that, while courts have held an affidavit may be insufficient when it omits facts *adverse* to the warrant application (E.g., *People v. Bradford* (1997) 15 Cal.4th 1229, 1297 [65 Cal.Rptr.2d 145, 939 P.2d 259]; *People v. Kurland* (1980) 28 Cal.3d 376, 384 [168 Cal.Rptr. 667, 618 P.2d 213]; *People v. Neusom* (1977) 76 Cal.App.3d 534, 538-539 [143 Cal.Rptr. 27]), there is no authority denying the good faith exception on grounds of omission of information from the affidavit where the information omitted from the affidavit was *favorable* to a finding of probable cause.

We agree with the People. We are unaware of any authority for the position that omission of evidence *favorable* to a probable cause finding, in

an affidavit applying for a warrant, renders *Leon* inapplicable, and such position would make no sense. Indeed, *People v. Kurland, supra,* 28 Cal.3d at pages 384-385, indicated "facts are 'material' and hence must be disclosed if their omission would make the affidavit substantially misleading. On review under section 1538.5, facts must be deemed material for this purpose if, because of their inherent probative force, there is a substantial possibility they would have altered a reasonable magistrate's probable cause determination." (*Id.* at p. 385, italics omitted.) *Kurland* cited with approval an earlier case that indicated omitted facts were material if their omission (1) substantially interfered with (or could have an adverse effect on) the magistrate's inference-drawing process, or (2) could have negated the magistrate's finding of probable cause, or (3) might have caused the magistrate to find an informant unreliable and his information untrustworthy. (*Id.* at pp. 384-385, fn. 3.) None of this reasoning supports a denial of the *Leon* good faith exception where information *favorable* to a probable cause finding was omitted from the affidavit.

Defendant maintains the trial court's *Leon* ruling, "[r]ightly understood," was not based on the fact that evidence was omitted from the warrant application, but rather was based on the fact that the affidavit on its face could not provide a basis for objectively reasonable reliance (as a result of the omission). However, the record clearly shows that the omission of favorable information from the affidavit was the basis for the court's decision.

The record here supports admission of the evidence under *Leon.* Thus, under the rule of *People v. Camarella, supra,* 54 Cal.3d at page 605, we review the facts stated in the affidavit. Those facts include the following:

1. The officer knew from a confidential reliable informant that, in May of 1998, defendant was selling methamphetamine in the Susanville area. While this information, in and of itself, may have been "stale," it reasonably serves as background for current events. (*People v. Camarella, supra,* 54 Cal.3d at p. 606; *People v. Mikesell, supra,* 46 Cal.App.4th at p. 1718.)

2. Defendant was actually arrested in 1991 for selling or furnishing marijuana and was given diversion for the violation. While extremely stale, this evidence tends to show that defendant had actually sold or furnished unlawful drugs in the past.

3. Within three days of preparation of the warrant affidavit, the officer learned from a reliable confidential informant #2 that *defendant was in possession of usable amounts of methamphetamine and that the informant was aware of defendant being in the business of selling methamphetamine.*

4. Based upon the officer's 23 years' experience (including 5 years as a narcotics agent) the officer also attested that people who deal in illegal controlled substances often store, conceal, and transport illegal controlled substances in their vehicles.

In the abstract, these averments are unhelpful. However, when linked to the information received from confidential informant #2, that Lim was in possession of usable amounts of methamphetamine within the last three days, this averment about the storage, concealment, and transportation of illegal controlled substances in vehicles cannot be entirely discounted.

Based on the totality of the affidavit in support of the warrant, even if it failed to establish probable cause, it was not so lacking in indicia of probable cause that it would be entirely unreasonable for an officer to believe that such cause existed. Consequently, the *Leon* exception applies and the trial court erred in suppressing the evidence.

We conclude the trial court should have ruled the evidence admissible under *Leon* and should have denied defendant's suppression motion. Consequently, the case should not have been dismissed under section 1385.

### DISPOSITION

The orders granting defendant's motion to suppress and dismissing the case under section 1385 are reversed, and the matter is remanded to the trial court for further proceedings.

Scotland, P. J., and Blease, J., concurred.

A petition for a rehearing was denied January 8, 2001, and respondent's petition for review by the Supreme Court was denied April 11, 2001.