Filed 1/13/14  P. v. Gatison CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH GATISON,<br><br>    Defendant and Appellant. | A137180<br><br>(Contra Costa County<br> Super. Ct. No. 5-120821-4) |

This is an appeal from final judgment following entry of a no contest plea by appellant Kenneth Gatison after the trial court denied his combined motion to suppress (Pen. Code, § 1538.5) and to dismiss the information (Pen. Code, § 995).[1]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2012, an information was filed charging appellant with one felony count of possession of marijuana for sale (Health & Saf. Code, § 11359).[2]  This charge stemmed from appellant's arrest on the afternoon of May 2, 2011 near the campus of Riverview Middle School in Bay Point.  At about 2:20 p.m. on that date, just as students were being dismissed, Officer Leah Stabio, the school resource officer, was on duty in

---

[1]    Unless otherwise stated, all statutory citations herein are to the Penal Code.

[2]    On August 15, 2011, a complaint based on the same charge was filed in criminal court.  Appellant pleaded not guilty to this charge and, on December 5, 2011, filed a motion to suppress evidence (§ 1538.5).  This motion was heard by a magistrate in conjunction with a preliminary hearing on December 7, 2011.  Following the magistrate's denial of this motion, the district attorney filed the above-referenced information on May 30, 2012.

uniform with the assignment to ensure students safely left school. Officer Stabio was approached by Rhonda Moncrief, a school employee who also helped ensure student safety during afternoon dismissal. Moncrief directed Officer Stabio's attention towards appellant, an adult male standing on school grounds whom she identified as "Kenny." Specifically, Moncrief told Officer Stabio: "[T]here was a gentleman that sells drugs on campus. She pointed in the direction of a certain gentlemen that was crossing the street. She said, 'That's him right there. That's Kenny. He sells weed to all the kids at school.' "

Based on this information, Officer Stabio walked towards appellant to investigate whether he was a student at the school and whether he was on school grounds for an unlawful purpose. As Officer Stabio explained, "nonstudents are not allowed on campus." However, when Officer Stabio approached, appellant looked at her and walked off campus in the direction of an ice cream truck. Officer Stabio confronted him there, introducing herself and asking in a conversational tone why he was on campus and whether he had identification. When appellant queried why he needed to provide identification since he had done nothing wrong, Officer Stabio explained that, for her own safety, the school's safety and the public's safety, she had a duty to identify nonstudents on campus to make sure they were not violent or the subject of any active warrants.[3] Officer Stabio also explained to appellant that she had received information from a school employee identifying him as a possible drug dealer.

Appellant cooperated with Officer Stabio's request by providing his high school identification card, which Officer Stabio used to search the CLETS database for information confirming his identity and the existence of any outstanding warrants (there were none). Officer Stabio then asked appellant whether he was carrying any drugs. Appellant responded, "no," and Officer Stabio then asked whether he "had any weed on him," to which appellant responded that he may have "a little." Officer Stabio asked whether she could search him for the marijuana, and appellant stated: "I don't care." As

___

[3] Riverview Middle School is a "closed campus" from which nonstudents are generally barred.

2

such, Officer Stabio conducted a search, finding, among other things, a plastic container in appellant's right vest pocket with a pill bottle and 19 individual baggies of marijuana.

Officer Stabio thus arrested appellant for possessing marijuana for sale, read him his *Miranda* rights and placed him in her patrol car. During the drive to the station, Officer Stabio continued to question appellant, asking whether he was selling the marijuana. Appellant responded, "no." When Officer Stabio then asked him how much one of the baggies of marijuana found on his person sold for, he answered: "sometimes ten, sometimes eight." Officer Stabio continued questioning, asking how much appellant could make in a single day selling marijuana. Appellant answered: "I don't know, sixty."

On August 1, 2012, appellant filed the combined motion to suppress the evidence seized from his person on the afternoon in question and to dismiss the information, which is now the subject of appeal. At the August 16, 2012 hearing on appellant's combined motion, the trial court accepted argument from both parties before ultimately denying it.[4] In doing so, the trial court found that "the evidence clearly shows that the defendant voluntarily consented to the search. Because his consent was voluntary, and his detention was lawful, the court declines to suppress the evidence. It does not do so, and the motion to dismiss is denied."

On November 5, 2012, appellant withdrew his not guilty plea and pleaded no contest to the charge. The trial court thereafter sentenced appellant to two years of probation. This timely appeal followed.

## DISCUSSION

Appellant raises one issue on appeal. He contends Officer Stabio lacked reasonable suspicion to detain him and, thus, that her subsequent search of his person was illegal. As such, appellant reasons, his motion to suppress all evidence derived from her

[4]  Officer Stabio testified regarding appellant's detention and arrest at the December 7, 2011 combined preliminary hearing and suppression motion hearing. No further evidence was presented at the August 16, 2012 hearing on appellant's motion to suppress that was heard by the trial court in conjunction with his related motion to dismiss the information.

illegal search should have been granted.  He thus asks this court to reverse the judgment and remand the matter to the trial court to allow him to withdraw his no contest plea.  The following legal principles govern his contention.

"When reviewing the grant or denial of a motion to suppress, an appellate court must uphold the [lower] court's express or implied findings of fact if the facts are supported by substantial evidence." (*People v. Lim* (2000) 85 Cal.App.4th 1289, 1296.) We then employ our independent judgment to decide whether, under those facts, the search and seizure was legal.  (*People v. Ruiz* (1990) 217 Cal.App.3d 574, 580; *People v. Ayala* (2000) 23 Cal.4th 225, 255.)  Otherwise stated, the legality of a search or seizure is measured by "the facts, as found by the trier [of fact], against the constitutional standard of reasonableness.  [Citations.]  Thus, in determining whether the search or seizure was reasonable on the facts found by the [trier of fact], we exercise our independent judgment.  (*People v. Glaser* (1995) 11 Cal.4th 354, 362 [45 Cal.Rptr.2d 425, 902 P.2d 729].)"  (*People v. McDonald* (2006) 137 Cal.App.4th 521, 529.)

Slightly altering this procedure, in cases like this one, where "a magistrate rules on a motion to suppress . . . raised at the preliminary examination, he or she sits as the finder of fact with the power to judge credibility, resolve conflicts, weigh evidence, and draw inferences. In reviewing the magistrate's ruling on a subsequent motion under Penal Code section 995, the superior court sits as a reviewing court — it must draw every legitimate inference in favor of the information, and cannot substitute its judgment for that of the magistrate on issues of credibility or weight of the evidence. On review of the superior court ruling by appeal or writ, we in effect disregard the ruling of the superior court and directly review the determination of the magistrate. In doing so we draw all presumptions in favor of the magistrate's express or implied factual determinations and must uphold them if they are supported by substantial evidence." (*People v. Shafrir* (2010) 183 Cal.App.4th 1238, 1244-1245 [fn. omitted].)

With respect to the substantive law, "state and federal claims relating to exclusion of evidence on grounds of unreasonable search and seizure are measured by the same standard. (*In re Tyrell J.* (1994) 8 Cal.4th 68, 76 [32 Cal.Rptr. 2d 33, 876 P.2d 519]; *In re*

4

*Lance W.* (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744].) 'Our state Constitution [Cal. Const., art. I, § 13] thus forbids the courts to order the exclusion of evidence at trial as a remedy for an unreasonable search and seizure unless that remedy is required by the federal Constitution [U.S. Const., 4th Amm.] as interpreted by the United States Supreme Court.' (*In re Tyrell J.*, *supra*, at p. 76.)" (*People v. Camacho* (2000) 23 Cal.4th 824, 830.)

Under binding United States Supreme Court authority, *Terry v. Ohio* (1968) 392 U.S. 1, 19, "the judicial inquiry into the reasonableness of a detention is a dual one – whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." (*People v. Brown* (1998) 62 Cal.App.4th 493, 496.) Consistent with this rule and relevant to our case, the officer is justified in briefly detaining an individual if, at its inception, the officer had "a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." (*California v. Hodari D*. (1991) 499 U.S. 621, 636, fn. 10; *People v. Hernandez* (2008) 45 Cal.4th 295, 299.) In other words, even where "there is no probable cause to make an arrest," an officer can initially detain an individual for purpose of an investigation if the officer reasonably suspects unlawful activity has or will occur. (*Terry v. Ohio, supra*, 392 U.S. at p. 22.)

Applying these principles to the facts at hand, we thus must determine whether Officer Stabio had reasonable suspicion to detain appellant based on the information she received from Rhonda Moncrief that he sold drugs to students on campus.[5] (*People v. White* (2003) 107 Cal.App.4th 636, 642.) Affording all presumptions in favor of the lower court's factual findings, as the law requires (*People v. Shafrir, supra,* 183 Cal.App.4th at pp. 1244-1245), we conclude that she did.

---

[5] The People do not dispute the meeting between appellant and Officer Stabio was a detention rather than a consensual encounter. (See *In re Manuel G.* (1997) 16 Cal.4th 805, 821 [unlike consensual encounters, detentions require an articulable suspicion that the person has committed or is about to commit a crime].)

First, with respect to Officer Stabio's initial encounter with appellant, it is "well settled that a police officer may approach a citizen, identify himself as a police officer and ask questions even without any objective justification." (*People v. Rosales* (1989) 211 Cal.App.3d 325, 330; see also *People v. Vibanco* (2007) 151 Cal.App.4th 1, 14.) "Detention, not questioning, is the evil at which *Terry's* second prong is aimed. [Citation.]" (*People v. Brown, supra*, 62 Cal.App.4th at p. 496.) " '[A]n officer has every right to talk to anyone he encounters while regularly performing his duties . . . .' (*People v. Castaneda* (1995) 35 Cal.App.4th 1222, 1227 [42 Cal.Rptr.2d 18].) [¶] . . . '[A]sking questions is an essential part of police investigations. In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment.' (*Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cty*. (2004) 542 U.S. 177, 185 [159 L.Ed.2d 292, 124 S.Ct. 2451] (*Hiibel*).)" (*People v. Vibanco, supra,* 151 Cal.App.4th at p. 13.) As such, Officer Stabio was undoubtedly entitled, as a school resource officer on duty and in uniform, to approach appellant after seeing him on campus to ask him for identification and whether he was a student. (See *In re Joseph F*. (2000) 85 Cal.App.4th 975, 986 ["unlike the rules applicable to public places in general, school officials, including police who assist in maintaining general order on school campuses, need not articulate a specific crime which appears to be violated in order to detain an outsider for the limited purpose of determining the fundamental factors justifying an outsider's presence on a school campus, such as who he is, why he is on campus, and whether he has registered"]; see also § 626.7 ["If a person who is not a student . . . of a public school, and who is not required by his or her employment to be on the campus . . . enters a campus or facility outside of the common areas where public business is conducted, and it reasonably appears to . . . an officer or employee designated by the chief administrative officer to maintain order on the campus or facility, that the person is committing any act likely to interfere with the peaceful conduct of the activities of the campus or facility, or has entered the campus or facility for the purpose of committing any such act, the chief administrative officer or his or her designee may direct the person to leave the campus"].)

Further, with respect to Officer Stabio's subsequent questions regarding whether appellant was carrying drugs or marijuana, the law is likewise clear that a "detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' [Citation.]" (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 145-146.) Here, appellant's detention was justified because, as the record reflects, Officer Stabio had discovered specific, articulable facts that, considered in light of the surrounding circumstances, indicated appellant may have been present on school grounds to sell drugs to students. These facts, quite simply, were that appellant, who was standing on campus just as students were being dismissed, "sells weed to all the kids at school."

Appellant, of course, disputes these "facts," received by Officer Stabio from Rhonda Moncrief, were sufficient to establish reasonable suspicion. Rather, appellant insists that, because Moncrief was "not a witness to any crime," her statements to the officer were mere hearsay and too conclusory and non-specific to justify a detention. We disagree.

As the People accurately note, Officer Stabio testified at the preliminary hearing that Moncrief was a school employee whose responsibilities included helping to ensure students safely left school at dismissal time. Officer Stabio also confirmed Moncrief was present at school daily, and was regularly in contact with Officer Stabio, who, like Moncrief, was responsible for the students' safe departure. On the day in question, Moncrief specifically told Officer Stabio "there was a gentlemen that sells drugs on campus," and that, in fact, this "gentleman" was presently on campus. Moncrief then pointed to this person, and identified him to Officer Stabio by the name of "Kenny."

When Officer Stabio testified under oath regarding the information she received from Moncrief, Officer Stabio did not indicate that Moncrief had told her she learned about "Kenny" and his student drug sales from another person. Rather, her testimony reflects that Moncrief directly told her the information in a manner suggesting that it was based on firsthand knowledge; and nothing she said on cross-examination suggested

7

otherwise. As such, the magistrate hearing Officer Stabio's testimony could reasonably have interpreted it to have come from Moncrief's personal observations of appellant during the course of her daily school duties. Given that the magistrate, unlike this court, observed this testimony firsthand, we decline to second guess his judgment that it was "reasonable, credible and of solid value." (*People v. Johnson* (1980) 26 Cal.3d 557, 578; see also *In re Arturo D.* (2002) 27 Cal.4th 60, 77 [" 'the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences, is vested in the trial court' "].)

Accordingly, based on this factual record, we conclude that Officer Stabio did in fact have grounds to reasonably suspect appellant was on campus to sell drugs, thereby justifying her decision to detain him for purposes of an investigation. The law required nothing more. [6] (*In re Justin K.* (2002) 98 Cal.App.4th 695, 699-700 [the law requires a reasonable suspicion, not proof beyond reasonable doubt, to warrant an investigatory stop]. Compare *In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1741 [information from an unnamed mother of a student that her son had seen the appellant at a school event the previous week in possession of a gun was sufficiently reliable to demonstrate reasonable

---

[6]     We easily distinguish appellant's authority, *Bailey v. Superior Court* (1992) 11 Cal.App.4th 1107 (*Bailey*). There, information from a citizen informant was held unreliable, and thus insufficient to establish *probable cause* for obtaining a search warrant, where there were no facts showing that the informant personally observed criminal activity. (*Id.* at pp. 1111-1113; see also *People v. French* (2011) 201 Cal.App.4th 1307, 1317-1318 [an informant's mere "assertions of criminality" held insufficient to support a probable cause showing to obtain a warrant].) Here, of course, we are concerned with whether Moncrief's statements to Officer Stabio (which, in any event went beyond mere assertions of criminality based on hearsay) sufficed to establish *reasonable suspicion*, not, as in *Bailey*, probable cause. As such, appellant's authority is inapposite. (*Adams v. Williams* (1972) 407 U.S. 143, 145 ["The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. [Citation.] A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time"].)

suspicion justifying a search of the appellant's locker].)  Moreover, because the facts as found by the lower court provided an objective legal basis for Officer Stabio's decision to detain appellant for a possible drug offense, there was no violation of appellant's Fourth Amendment rights.

## DISPOSITION

The judgment is affirmed.


_____

Jenkins, J.


We concur:


_____

Pollak, Acting P. J.


_____

Siggins, J.