Filed 12/3/25  P. v. Martinez CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESUS MARTINEZ,<br><br>        Defendant and Appellant. | A171969<br><br>(Contra Costa County<br>Super. Ct. No. 012400929) |

Jesus Martinez appeals the denial of his motion to suppress evidence pursuant to Penal Code section 1538.5.[1]  He contends police unconstitutionally handcuffed and pat-searched him while executing a valid search warrant for a car in which he was a passenger.  We affirm.

## I.    BACKGROUND[2]

On March 12, 2024, Concord Police Department Detective David Petty and his colleagues executed a search warrant on a car belonging to Don Mallari based on a domestic violence incident ten days earlier.  The warrant authorized searches for any guns on Mallari's person or in his car or residence.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts are taken from the preliminary hearing transcript.

The victim told police that Mallari had attacked her in his apartment ten days earlier, beating her and threatening her with a semiautomatic pistol with an extended magazine. Mallari also kept a rifle behind his bed, and she had seen his roommate and friends carrying guns in his apartment around two weeks before the assault. The victim said that she knew the roommate by the name Sus.

Police officers located Mallari's parked car in his building's gated lot. Around 7:00 p.m. they saw him get in the car with another man, later identified as Martinez, and drive away. Detective Petty pulled the car over approximately one block away as it turned into another parking lot.

Detective Petty believed there might be weapons in the car based on the victim's report that Mallari and his associates carried guns and Mallari had used a gun when he assaulted her. Wanting to prevent "any type of dangerous situation" for the responding officers and bystanders, he commanded Mallari to get out of the car while he and four other officers aimed their service pistols at the car. Officers quickly handcuffed Mallari and patted him down.

Officers then ordered Martinez out of the car. Detective Stephanie Wilkens was aware of the victim's report about Mallari and his associates possessing and carrying firearms. For "safety purposes," accordingly, she handcuffed Martinez and pat-searched him. It took "a matter of seconds." The search revealed a loaded Glock 27 pistol in Martinez's front waistband.

Martinez moved to suppress the evidence obtained in the search under section 1538.5 at the preliminary hearing, arguing the detention was a de facto arrest without probable cause. The magistrate disagreed, finding the circumstances known to the police justified the search and that the

2

handcuffing did not ripen it into an arrest. Martinez renewed the motion before the trial court, again without success.

## II. DISCUSSION

### A. Standard of Review

Where, as here, a motion to suppress is submitted to the superior court on the preliminary hearing transcript, "the appellate court disregards the findings of the superior court and reviews the determination of the magistrate who ruled on the motion to suppress, drawing all presumptions in favor of the factual determinations of the magistrate, upholding the magistrate's express or implied findings if they are supported by substantial evidence, and measuring the facts as found by the trier against the constitutional standard of reasonableness." (*People v. Thompson* (1990) 221 Cal.App.3d 923, 940.) We independently determine the applicable law, apply it to the established facts (*People v. Carter* (2005) 36 Cal.4th 1114, 1140), and affirm the trial court's ruling if it is correct under any legal theory. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) " 'We are prohibited from ordering the suppression of evidence unless federal constitutional standards require us to do so.' " (*People v. Lim* (2000) 85 Cal.App.4th 1289, 1296.)

### B. Analysis

#### 1. Handcuffing

Martinez concedes the police could lawfully detain him while they executed the search warrant on Mallari's car. He contends, however, that the detention ripened into an unconstitutional custodial arrest when he was handcuffed. We disagree.

"Although the circumstances of each case must certainly influence a determination of whether a suspect is 'in custody' . . . , the ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement

of the degree associated with a formal arrest." (*California v. Beheler* (1983) 463 U.S. 1121, 1125.) *People v. Celis* (2004) 33 Cal.4th 667 is instructive. There, our Supreme Court explained that " '[t]here is no hard and fast line to distinguish permissible investigative detentions from impermissible de facto arrests. Instead, the issue is decided on the facts of each case, with focus on whether the police diligently pursued a means of investigation reasonably designed to dispel or confirm their suspicions quickly, using the least intrusive means reasonably available under the circumstances.' [Citations.]" (*Id.* at pp. 674–675.) "Important to this assessment… are the duration, scope, and purpose of the stop." (*Ibid.*)

Handcuffing substantially increases the intrusiveness of a detention. "Nevertheless, because a police officer may take reasonable precautions to ensure safe completion of the officer's investigation, handcuffing a suspect during a detention does not necessarily transform the detention into a de facto arrest. [Citations.] The issue is whether the handcuffing was reasonably necessary for the detention." (*People v. Stier* (2008) 168 Cal.App.4th 21, 27.)

Martinez contends the handcuffing was unjustified by any reasonable safety concerns. He is incorrect. Police were executing a warrant to search Mallari's car, apartment, and person based on a recent violent incident in the apartment during which he threatened the victim with a semiautomatic pistol. They had been informed that Mallari also had a rifle; that the victim knew his roommate and friends to be armed; and that she had recently seen them with guns in Mallari's apartment. Mallari's car was just a block from that apartment when officers pulled it over. Under these circumstances, briefly detaining Martinez in handcuffs was a "reasonable precaution[] to ensure safe completion of the officer's investigation." (*People v. Stier*, *supra*,

4

168 Cal.App.4th at p. 27; see *People v. Soun* (1995) 34 Cal.App.4th 1499, 1517–1520 [removing defendant from car at gunpoint, ordering him them to lie on the ground, handcuffing and placing him in patrol car, transporting him three blocks away and holding him for 30 minutes was reasonable based on reports car may have been involved in a homicide and its occupants armed]; cf. *Stier, supra,* 168 Cal.App.4th at p. 28 [arresting officer had no specific articulable facts suggesting suspect was dangerous].)

The brief duration of the incident is also important here. "[S]topping a suspect at gunpoint, handcuffing him, and making him sit on the ground for a short period, as occurred here, do not convert a detention into an arrest." (*People v. Celis, supra,* 33 Cal.4th at pp. 675 [a "few minutes"]; see *People v. Soun, supra,* 34 Cal.App.4th at pp. 1517, 1520 [30 minutes]; *In re Carlos M.* (1990) 220 Cal.App.3d 372, 384–385 [30-minute detention not an arrest when officers handcuffed and transported rape suspect to hospital for victim identification]; *Gallegos v. City of Los Angeles* (9th Cir. 2002) 308 F.3d 987, 989, 991–992 [45 to 60-minute detention while officers transported handcuffed defendant to crime site not an arrest].) Viewed in the context of these authorities, the momentary restraint on Martinez's freedom of movement while he was handcuffed for the "matter of seconds" necessary to pat search him for weapons did not transform the detention into a formal arrest.

### 2. Pat Search

The circumstances known to the officers also justify their decision to conduct a pat search of Martinez for weapons. A pat search must be warranted by the officers' reasonable concern for their safety or that of bystanders. (*Terry v. Ohio* (1968) 392 U.S. 1, 27.) There must be specific facts leading the officers to believe the suspect may be armed; for example, it

5

may not be assumed that all persons suspected of narcotics trafficking will be armed and dangerous. (*Santos v. Superior Court* (1984) 154 Cal.App.3d 1178, 1185.) Here, however, Detectives Petty and Wilkens possessed specific information supporting a reasonable concern that both Mallari and his passenger were likely to be armed and dangerous. Officers faced with articulable facts suggesting the suspect is dangerous need not wait until they are attacked to make a precautionary search. (*In re Michael S.* (1983) 141 Cal.App.3d 814, 816–817.) The motion was properly denied.

## III.   DISPOSITION

The judgment is affirmed.

Clay, J.*

WE CONCUR:

Brown, P. J.
Goldman, J.

A171969/*People v. Martinez*

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.