Filed 3/26/13  P. v. Warren CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY C. WARREN,<br><br>        Defendant and Appellant. | A136106<br><br>(Sonoma County<br>  Super. Ct. No. SCR610771) |

Appellant Timothy C. Warren appeals from an order denying his motion to suppress evidence.  (Pen. Code, § 1538.5.)[1]  Following entry of that order, appellant pled no contest to felony possession of methamphetamine for sale in violation of Health and Safety Code section 11378, subdivision (a), and was sentenced to three years to be served in jail and on mandatory supervised probation.  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, requesting that we conduct an independent review of the entire record on appeal.  Having done so, we affirm the trial court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 27, 2012, an information was filed charging appellant with felony violations of Health and Safety Code section 11378, possession of methamphetamine for

---

[1]        Unless otherwise stated, all further statutory references herein are to the Penal Code.

1

sale, and section 12020, subdivision (a)(1), possession of a billy club.[2] With respect to both violations it was alleged appellant had been convicted of a prior drug crime within the meaning of Health and Safety Code section 11370.2, subdivision (c).

On April 25, 2012, appellant filed a motion pursuant to section 1538.5 to suppress evidence seized from his person and vehicle by Officer John Whitten of the Santa Rosa Police Department. Appellant argued that, at the time of his arrest on November 19, 2011, he was detained without reasonable suspicion.

At a subsequent hearing on the suppression motion, Officer Whitten testified to the following facts.[3] At about 6:20 p.m. on November 19, 2011, Officer Whitten was on patrol in a marked police vehicle. After switching off his vehicle's headlights, Officer Whitten pulled into the mostly-full Montecito Center parking lot, where he had in the past made about 10 to 20 drug-related arrests, mostly in the area behind Fiorino's Bar. Officer Whitten parked at a slight angle behind an empty parking spot to the immediate right of the spot where a Dodge pick-up truck was parked, and then walked over to the truck to speak to its occupants through the driver-side window. He did not block the truck from leaving or shine his vehicle's lights into it. William Hartwell was in the driver's seat and appellant was in the front passenger seat.

Officer Whitten advised the men that he wished to speak to them due to the prevalence of drug activity in the area, and asked whether they were on probation or parole or had any outstanding warrants against them. Hartwell acknowledged a pending drug charge; appellant responded that he may have an outstanding warrant. Although Officer Whitten had a friendly, relaxed tone and did not display a weapon, touch the men

---

[2]    Section 12020 has since been repealed. (Pen. Code § 12020 [Section repealed 2012].)

[3]    Appellant's motion was initially heard on May 8, 2012. After Officer Whitten and defense witness John Hartwell testified, appellant was called to the stand. The judge presiding over the hearing, Judge Thistlethwaite, recognized appellant as someone she had represented in another criminal matter in 1991. As such, Judge Thistlethwaite recused herself and Judge Dana Simonds thereafter presided over the matter on rehearing. Both Officer Whitten and Hartwell testified again on rehearing.

or advise them they were under arrest, the men appeared nervous, immediately starting to smoke cigarettes and avoiding eye contact.

Based on appellant's statement that he may have an outstanding warrant, Officer Whitten took both men's identification cards and ran records check, through which he learned appellant was on probation subject to a warrantless search and seizure condition. Officer Whitten then called for a back-up officer, who arrived about five to ten minutes after his initial contact with the men. Once the second officer arrived, Officer Whitten detained appellant with handcuffs, removed him from the truck, and conducted a probation search, finding on his person nearly a half ounce of methamphetamine, a digital scale and a controlled substance pipe. Appellant told Officer Whitten that he had a vehicle parked nearby. Officer Whitten's subsequent search of the vehicle revealed an improvised billy club.

After Officer Whitten's testimony, defense counsel called to the stand Hartwell and Tina Cody, appellant's longtime girlfriend who was at Fiorino's Bar at the time of the arrest. Cody testified, contrary to Officer Whitten's testimony, that Officer Whitten used his patrol vehicle to block Hartwell's pick-up truck, such that Hartwell could not have backed out of his parking space without hitting it. Cody also claimed that the patrol vehicle's headlights were illuminated when Officer Whitten pulled up, and that she believed the amber lights on top of the patrol vehicle were also illuminated. Finally, Cody testified that, after Officer Whitten first approached Hartwell's truck, it took 12 to 15 minutes for the second police officer to arrive. Neither appellant nor Hartwell left the truck during this time.

Hartwell testified that, after having a few drinks, he and appellant were ready to leave the bar on the night in question, although Cody wished to stay. Because appellant had been drinking, Hartwell offered him a ride to a friend's house. Just as they got in the Dodge pick-up and were fastening their seatbelts, a police vehicle pulled in directly behind them with its headlights on. Hartwell could not have backed out his truck if he had wanted to. Within 30 seconds, the officer had approached them, asking whether they were on probation or parole and for identification. Hartwell denied being on probation or

3

parole and appellant said nothing. Both men gave the officer identification, which the officer took back to his patrol car to run a records check, a process taking about 10 minutes. At this point, Officer Whitten returned with another officer, took appellant out of the truck and searched him.

Appellant thereafter gave testimony consistent in most regards with Hartwell's testimony regarding the night in question. In addition, contrary to Officer Whitten's testimony, appellant denied telling the officer that he may have had an outstanding warrant. Rather, appellant claimed he said nothing when the officer asked him only whether he was on parole or probation. Appellant also testified to having "a really big drug habit," although he had not taken drugs that day. He did not recall whether the lights on Officer Whitten's patrol vehicle were illuminated.

Following the hearing, the trial court denied appellant's motion to suppress. The trial court reasoned that the initial encounter between Officer Whitten and appellant was consensual. Officer Whitten did not block Hartwell's truck; he merely approached it and asked whether the men were on probation or parole. Then, when appellant responded that he may have an outstanding warrant, the officer had probable cause to detain him. Moreover, the men voluntarily gave the officer their identification cards, the check of which revealed appellant was subject to a warrantless search and seizure probation condition.

In so reasoning, the trial court acknowledged finding Officer Whitten's testimony more credible than that of the other witnesses, in part, it noted, because the officer had a better vantage point for observing the incident, including the location of his vehicle relative to Hartwell's truck.

After the trial court denied his motion, appellant pled no contest to possession of methamphetamine for sale. The parties stipulated to a factual basis for the plea based on the police reports and preliminary hearing transcript. In exchange for this plea, they also agreed the remaining count and enhancement would be dismissed and that appellant would be sentenced to three years, to be served pursuant to section 1170, subdivision (h).

4

Consistent with the plea agreement, the trial court then ordered appellant to serve three years, two of which would be served in jail and the remaining year on mandatory supervised probation, subject to various terms and conditions. One of these conditions, unchallenged by the parties, was that appellant "provide Probation with passwords for cell phone and computer." This condition, in turn, was intended to facilitate another probation condition requiring him to submit to warrantless searches of person, property, vehicle and residence at any time by a probation or law enforcement officer. The trial court also granted him two days of presentence custody credit.

Appellant timely appealed the denial of his motion to suppress.

### DISCUSSION

As we previously stated, appellant's appointed counsel has filed an opening brief setting forth the material facts, but raising no issue for our consideration. Counsel requests that we independently review the record to decide whether there exists any nonfrivolous issue for appeal. (*People v. Wende, supra,* 25 Cal.3d 436; *People v. Kelly, supra,* 40 Cal.4th 106.) Counsel has also attested that appellant was advised of his right to file a supplemental brief with this court. Appellant declined to do so.

After an independent review of the record, we agree with appellant's counsel that there are no reasonably arguable legal or factual issues for our consideration. The trial court denied appellant's motion to suppress evidence that was seized from his person and vehicle after finding, based on Officer Whitten's competent testimony, that appellant was lawfully detained based, first, on his acknowledgement to Officer Whitten that there may be an outstanding warrant against him and, second, on Officer Whitten's subsequent confirmation from a police records check on appellant's freely-given identification card that he was subject to a warrantless search and seizure probation condition. Given this record, we conclude the trial court's order denying the motion to suppress evidence was lawful. (*People v. Lim* (2000) 85 Cal.App.4th 1289, 1296 ["When reviewing the grant or denial of a motion to suppress, an appellate court must uphold the trial court's express or implied findings of fact if the facts are supported by substantial evidence"]; *People v. Brown* (1990) 216 Cal.App.3d 1442, 1447 [the legality of a search and seizure is

measured by the "facts, as found by the trier [of fact], against the constitutional standard of reasonableness"].)

Having ensured appellant received adequate and effective appellate review, we thus affirm the trial court's ruling.  (*People v. Wende, supra,* 25 Cal.3d at pp. 441-442; *People v. Kelly, supra*, 40 Cal.4th at pp. 112-113.)

## DISPOSITION

The order denying appellant's motion to suppress evidence is affirmed.


_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Pollak, J.

6